IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RACHEL THORNE-JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 11-cv-225-TLW ) |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**

Plaintiff Rachel Thorne-Johnson, pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c), requests judicial review of the decision of the Commissioner of the Social Security Administration denying her applications for disability benefits under Titles II and XVI of the Social Security Act ("Act"). In accordance with 28 U.S.C. § 636(c)(1) and (3), the parties have consented to proceed before the undersigned United States Magistrate Judge. (Dkt. # 11). Any appeal of this order will be directly to the Tenth Circuit Court of Appeals.

**Review**

When applying for disability benefits, a plaintiff bears the initial burden of proving that he or she is disabled. 42 U.S.C. § 423(d)(5); 20 C.F.R. §§ 404.1512(a), 416.912(a). "Disabled" under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." 42 U.S.C. § 423(d)(1)(A). A plaintiff is disabled under the Act only if his or her "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national economy." 42 U.S.C. § 423(d)(2)(A). Social Security

regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. §§ 404.1520, 416.920; Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988) (setting forth the five steps in detail). "If a determination can be made at any of the steps that a plaintiff is or is not disabled, evaluation under a subsequent step is not necessary." Williams, 844 F.2d at 750.

The role of the court in reviewing a decision of the Commissioner under 42 U.S.C. § 405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla, less than preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Id. The Court's review is based on the record, and the Court will "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." Id. The Court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. See Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2002).

A disability is a physical or mental impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423 (d)(3). "A physical impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [an individual's] statement of symptoms." 20 C.F.R. §§ 404.1508, 416.908. The

evidence must come from "acceptable medical sources" such as licensed and certified psychologists and licensed physicians. 20 C.F.R. §§ 404.1513(a), 416.913(a).

## Background

Plaintiff was born March 18, 1983, and was 26 years old at the time of the final decision of the Administrative Law Judge ("ALJ") on February 25, 2010. (R. 112). Plaintiff is 5'3" tall and weighs 165 pounds. (R. 146). Plaintiff graduated high school and married in 2009. (R. 38, 152). Plaintiff's prior work history consists of being a waitress. (R. 148). Plaintiff alleged a disability onset date of July 12, 2007. (R. 147).

Plaintiff had a hearing before the ALJ on February 8, 2010. (R. 23-55). The ALJ issued a decision on February 25, 2010, denying plaintiff's claim for benefits. (R. 8-22). Plaintiff appealed that decision to the Appeals Council, which declined to review the decision of the ALJ, making the ALJ's decision the final decision of the Commissioner. (R. 1-4).

## Procedural History

Plaintiff alleges her disabling impairments include "blood disease," and "ankylosing[] spondylitis." (R. 147). In assessing plaintiff's qualifications for disability, the ALJ determined plaintiff was insured for Title II benefits through December 31, 2011. At step one of the five step sequential evaluation process, the ALJ found she had not engaged in substantial gainful activity since her alleged onset date of July 12, 2007. The ALJ found severe impairments of cervical, thoracic, and lumbar degenerative joint disease, and ankylosing spondylitis at step two. At step three, the ALJ found plaintiff did not have an impairment or combination of impairments that met or equaled a listing, focusing on Listing 1.04 (disorders of the spine). (R. 14). Before moving to step four, the ALJ found plaintiff had the residual functional capacity ("RFC") to:

> … perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). She can lift/carry 20 pounds occasionally or 10 pounds frequently. In an 8-hour workday, she can stand/walk or sit for 6 hours.

Id. At step four, the ALJ determined plaintiff could return to her past relevant work as a waitress. Alternately, relying on testimony from a vocational expert at step five, the ALJ determined plaintiff would also be able to perform the work of cashier II, cafeteria attendant, and bench assembler. (R. 16-17).

## Issues Raised

Plaintiff's allegations of error are as follows:

1. The ALJ failed to consider all the evidence;

2. The ALJ failed to properly consider the treating source's medical opinion;

3. The ALJ failed to properly consider the plaintiff's credibility and the related finding is not supported by substantial evidence.

4. The ALJ's RFC assessment is not supported by substantial evidence.

(Dkt. # 15 at 5-6).

## Discussion

**Evidence and Treating Sources**

The Court will address plaintiff's first two arguments together. Plaintiff argues that the ALJ did not give Dr. Dudney's opinion proper weight and that he ignored records from Dr. Block. The only mention plaintiff provides of Dr. Block's records are that Dr. Block "noted … plaintiff's severe pain, prescribed strong pain medication, and diagnosed … plaintiff's condition as AS," and that he "stated … plaintiff had failed the usual therapies and was just being given pain medication for her terrible pain." (Dkt. # 15 at 6). Regarding Dr. Dudney, plaintiff points to

notes of plaintiff's "limited mobility, severe pain, tenderness, and swelling" in addition to an opinion letter stating that plaintiff is unable to work.

Plaintiff contends that the ALJ improperly ignored evidence that did not support his decision. Briggs ex rel. Briggs v. Massanari, 248 F.3d 1235, 1239 (10th Cir. 2001) (and ALJ "may not ignore evidence that does not support his decision, especially when that evidence is 'significantly probative.'") (quoting Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996)). Plaintiff also contends the ALJ failed to properly analyze the opinion of treating physician, Dr. Dudney. Plaintiff claims the ALJ's only discussion of Dr. Dudney's opinion was to state that it was based on plaintiff's subjective complaints, and that "a statement that a person is unable to work is never entitled to controlling weight." (Dkt. # 15 at 7). Plaintiff argues the ALJ failed to explain his reasoning of opinion weight, controlling opinion weight, factors set forth in 20 C.F.R. § 404.1527, or why the opinion was rejected. Id.

Defendant argues that the ALJ did consider all of the medical evidence, including Dr. Dudney's opinion. After noting Dr. Dudney's treatment records "are virtually illegible," defendant states his records "do not contain any testing for impaired mobility and his other reasons for [p]laintiff's limitations depended on her alleged pain perception (Tr. 344)." (Dkt. # 16 at 4). Defendant notes "Dr. Dudley's opinion was not clinically supported and was in conflict with other evidence ... show[ing] that [p]laintiff did not have spinal abnormalities." Id. Defendant uses consultative examinations performed by Keith Patterson, M.D., and Sri Reddy, M.D., and consultative reports from G. Boyd, M.D. and Luther Woodcock, M.D. to refute plaintiff's claims. Defendant cites evidence that plaintiff's x-rays, interpreted by Stuart

Strickland, M.D.,[1] were all normal. Defendant also argues the ALJ weighed reports from Tulsa Pain Consultants, and another treating physician, Andrew Revelis, M.D.[2], whose records all conflict with Dr. Dudney's opinions, and supported the light RFC found by the ALJ. (Dkt. # 16 at 6-7). Defendant addresses plaintiff's argument regarding the omission of Dr. Block's opinion by stating plaintiff did not have a treating relationship with Dr. Block, and that he offered no opinion as to her functional limitations. (Dkt. # 16 at 7).

In her reply, plaintiff argues defendant miscast the ALJ's analysis of Dr. Dudney's opinion letter, claiming the ALJ made no mention of the functional limitations described by Dr. Dudney, and argues the ALJ did not link his findings to any evidence which contradicts Dr. Dudney's opinion. (Dkt. # 17 at 1). She points out that defendant lists "portions of the record that he thinks conflict[] with Dr. Dudley's [sic] opinion but they were not cited by the ALJ." Id. at 2.

A review of the record establishes that there is ample evidence which the ALJ could have used to link his findings to the record; however, he failed to do so. Specifically, the ALJ failed to perform a proper treating physician analysis of Dr. Dudney, and did not discuss Dr. Block at all in his decision. These errors are case dispositive. As noted *supra*, the Court is not permitted to interpret medical records for the ALJ. See Clifton v. Chater, 79 F.3d 1007, 1008 (10th Cir. 1996) (holding that the court will not "engage in the task of weighing evidence in cases before the Social Security Administration."). In addition, the Court "may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not

---

[1] The only records from Dr. Strickland are his name found on the x-ray results themselves, as both the "reading radiologist" and "releasing radiologist." He did not offer an opinion.

[2] Dr. Revelis is a Tulsa Pain Consultants physician.

apparent from the Commissioner's decision itself." Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004). See also Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005).

For instance, in his analysis of Dr. Dudney's opinion letter, the ALJ discusses the regulations found in 20 C.F.R. §§ 404.1527 and 416.927 regarding how to afford weight to a treating physician's opinion. However, the ALJ fails to link his analysis to evidence in the record.

This error leaves the Court with no means of properly evaluating the ALJ's decision, without engaging in post-hoc rationalization and without interpreting the medical records. The Court finds it unnecessary to analyze the ALJ's credibility finding. On remand, the ALJ is free to re-evaulate his credibility determination.

## Conclusion

The decision of the Commissioner finding plaintiff not disabled is hereby REVERSED and REMANDED as set forth herein.

SO ORDERED this 13th day of August, 2012.

_____
T. Lane Wilson
United States Magistrate Judge